UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-CR-00134-FDW-SCR

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| ANTARIOUS QAUSHARD BYERS, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's letter, which the Court construes as a pro se Motion for Compassionate Release, (Doc. No. 3341). Defendant is currently serving a term of 13 months imprisonment for three violations that occurred while on supervised release after he served a thirty-three-month term of imprisonment for the crime of conspiracy to participate in racketeering activity. (Doc. Nos. 2420, 3419). In his motion, Defendant focuses his argument on his rehabilitation during his current incarceration. (Doc. No. 3441). Defendant seeks release so that he can support his family, including his mother and wife who are currently experiencing challenges.

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a district court may reduce a sentence through a motion for compassionate release. Id. § 3582(c)(1)(A). Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If the defendant has administratively exhausted a claim for release with the Bureau of Prisons, this Court analyzes the motion in two steps. First, the Court determines whether Defendant is eligible for a sentence reduction. A defendant is eligible if the

1

court finds "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330.  Second, the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 331.

Here, Defendant's motion fails to set forth any sufficient reason for this Court to reduce his sentence.  First, he has failed to demonstrate he has exhausted his administrative remedies.  Second, Defendant fails to make sufficient argument to justify the sentence reduction under any provision of 18 U.S.C. § 3582(c)(1)(A).  The asserted challenges his family members face and his general representations of his post-sentencing conduct and rehabilitation while incarcerated fail to rise to the level of "extraordinary and compelling reasons" under applicable law.  Under the current record, Defendant has not articulated "extraordinary and compelling reasons" to justify a reduction in his imposed term of imprisonment.  See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)).

Even presuming Defendant's articulated reasons established an "extraordinary and compelling circumstance" for a sentence reduction, the Court denies the motion because it is not warranted under consideration of the applicable § 3553(a) factors.  United States. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).")  In considering the relevant 18 U.S.C. § 3553(a)

factors,[1] the Court looks not only to the relevant factors considered by the Court when it initially sentenced Defendant, but also to Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); High, 997 F.3d 181 (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

Defendant argues his post-sentencing conduct demonstrates his rehabilitation. While the Court commends Defendant making positive changes while in prison, nothing in the current motion stands out as remarkable and does not rise to the level of exceptional post-sentencing conduct to warrant a sentence reduction. The Court finds these arguments particularly unpersuasive because Defendant is serving a term of imprisonment based on his failure to abide by the terms of his supervised release following incarceration. Notably, little time has passed since the Court initially imposed the sentence for which Defendant is now incarcerated for his breach of trust with the Court, and the Court's consideration of applicable sentencing factors at the time the sentence was imposed remains relevant and unchanged. United States v. Patterson, 589 F. App'x 637, 638 (4th Cir. 2014) ("[I]in fashioning a revocation sentence, 'the court should sanction

---

[1] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

3

primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" (quotations and citations omitted)). For these reasons, the Court finds that consideration of the *applicable* § 3553(a) factors[2]—including the nature and circumstances of Defendant's offense, the history and characteristics of this Defendant, and the need to afford adequate deterrence, and protect the public—counsel against release under this record.

IT IS THEREFORE ORDEREED that Defendant's Motion for Compassionate Release, (Doc. No. 302), is DENIED.

IT IS SO ORDERED.

Signed: May 4, 2023

_____
Frank D. Whitney
United States District Judge

---

[2] See 18 U.S.C. § 3583(c) ("The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).")